### In re John H. Koehnken, Deceased.

ACQUIESCENCE OF MISAPPLICATION, WITH KNOWLEDGE OF USE.

Where the evidence compels the belief that a mother acted with full knowledge of the essential facts when she acquiesced in the misappropriation of her trust estate by her son while acting as her trustee, the law will uphold her act, but without sanction of his breach of trust.

[For other cases in point, see 1 Supp. Dig., "Trusts and Trustees," § 53.—Ed.]

ERROR to Hamilton common pleas court.

**O. W. Kuhn,** for plaintiff in error:

**Albert Bettinger** and **Jacob Shroder,** for defendant in error.

**GIFFEN, J.**

This cause was remanded for a new trial at a former term of this court, the judgment being reversed because not sustained by sufficient evidence. *Koehnken, In re,* 27 O. C. C. 840.

The evidence at the last trial is even more convincing that Anna C. Koehnken had full knowledge of the wrongful act of her son before ratifying or acquiescing in the same.

Koehnken, In re.

Counsel confuse this ratification of an obviously wrongful act with that of an apparently fair one. There is no pretense that the transaction was fair to the mother, nor that any independent advice would have made the wrong more obvious. She was not influenced by any consideration of his ability to repay her, nor was she incapable of understanding the gravity of his offense, but her sole purpose seems to have been to shield and aid an erring son. This was her choice in the matter, and is only typical of a mother's sacrifice for the benefit of her child. The law does not release Herman Koehnken from the obligation to reimburse the estate of his mother, nor sanction his breach of trust, but it does uphold her act done with full knowledge of the essential facts.

Judgment reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.